**IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ULTURA (LA) INC., et al.,[1] | ) Case No. 14-12382-KG |
| *fdba* Rochem Membrane Systems, Inc. | ) Chapter 11 |
| | ) Jointly Administered |
| | ) **Hearing Date:** December 4, 2014 |
| Debtor. | ) **Response Deadline:** November 26, 2014 |

**THE HUNTINGTON NATIONAL BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362 (d)(1) AND (2)**

The Huntington National Bank (hereinafter "Movant"), hereby requests that the Court grant it relief from the automatic stay pursuant to 11 *U.S.C.* Section 362(d)(1) and (2). The following facts are offered in support of this Motion:

**I.    STATEMENT OF FACTS**

1. The Huntington National Bank has a location in Cleveland, Ohio.

2. Movant is the holder of a Personal Loan Agreement ("Agreement") entered into by Rochem Membrane Systems, Inc. n/k/a Ultura (LA) Inc. (hereinafter "Debtor") on April 27, 2012 for the purchase of a 2012 Chevrolet Silverado 1500, Vehicle Identification Number 1GCRKSE78CZ209764 (hereinafter the "Vehicle"), a copy of which is attached hereto as Exhibit "A".

3. Said Contract provided for the payment of forty-eight (48) equal installments of $406.59.

4. As security for Debtor's obligations under the Agreement, Debtor granted to Movant a security interest in the Vehicle, as evidenced by the Certificate of Title to Motor Vehicle. A copy of the Certificate of Title is attached hereto as Exhibit "B".

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: (Ultura (LA) Inc. (9624) and Ultura (Oceanside) Inc. (6429).

5.  The Vehicle was voluntarily surrendered on October 3, 2014. Thereafter, on October 20, 2014, the Debtors filed a Chapter 11 petition.

6.  The Debtor is past due for July 11, 2014 through October 11, 2014 monthly payments in the amount of $406.59 each for a total delinquency inclusive of late charges in the amount of $1696.36.

7.  The payoff on the vehicle is $6444.66.

8.  The information contained in this Motion is current as of November 3, 2014.

## II. DISCUSSION OF LAW

Section 362 (d) of the Bankruptcy Code provides that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay-

(1)  For cause, including lack of adequate protection of an interest in property of such party in interest; or

(2)  with respect to a stay of an act against property under subsection (a) of this section, if –

   (A)  the debtor does not have an equity in such property; and
   (B)  such property is not necessary to an effective reorganization

Movant submits that it is entitled to relief under subsections (1) for cause due to lack of payments, debtor is surrendering vehicle and intends to make no further payments. In addition, the vehicle is not necessary to an effective reorganization. *See, e.g. Wyandotte Bank v. Carson,* 30 B.R. 637 (Bankr. D. Kan 1983).

Based on the foregoing, Movant submits that it has met the burden of proof required by 11 *U.S.C.* Section 362(d)(1) and (d)(2) and that Movant should be granted relief from the Automatic Stay.

### III. CONCLUSION

Movant, The Huntington National Bank, respectfully prays for an Order relieving it from the Automatic Stay pursuant to 11 *U.S.C.* Section 362(d)(1) and (d)(2) because the Debtor has failed to provide Movant with adequate protection as a result of a failure to make payments, the vehicle was surrendered, and the Vehicle is not necessary to an effective reorganization.

WHITTINGTON & AULGUR

By: __/s/ Kristi J. Doughty_____
Kristi J. Doughty (3826)
651 N. Broad Street, Suite 206
P.O. Box 1040
Middletown, DE 19709-1040
(302)-378-1661
Attorney for The Huntington National Bank

Dated: 11/7/14