IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| ULTURA (LA) INC., et al.,[1] | ) Case No. 14-12382 (KG) <br> ) |
| Debtors. | ) Jointly Administered |

Objection Deadline: January 9, 2015 at 4:00 p.m.
Hearing Date: Scheduled only if Necessary

**FIRST MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR
THE DEBTORS AND DEBTORS IN POSSESSION, FOR
THE PERIOD FROM OCTOBER 20, 2014 THROUGH NOVEMBER 30, 2014**

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective *nunc pro tunc* to October 20, 2014 by order signed on or about November 14, 2014 |
| Period for which Compensation and Reimbursement is Sought: | October 20, 2014 through November 30, 2014[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $603,014.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $26,547.18 |

This is a:    x monthly    interim    final application.

The total time expended for fee application preparation is approximately 8.0 hours and the corresponding compensation requested is approximately $2,500.00.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ultura (LA) Inc. (9624) and UOI Estate (6429). The mailing address for each of the Debtors is: 3605 Long Beach Blvd., Suite 201, Long Beach, CA 90807.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| N/A | | | | | |
| | | | | | |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Debra I. Grassgreen | Partner 1997; Member of CA Bar since 1994; Member of FL Bar since 1992 | $895.00 | 57.40 | $51,373.00 |
| Debra I. Grassgreen | Non-Working Travel @ ½ Rate | $447.50 | 10.50 | $ 4,698.75 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $875.00 | 99.30 | $86,887.50 |
| Jeffrey N. Pomerantz | Non-Working Travel @ ½ Rate | $437.50 | 14.10 | $ 6,168.75 |
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $850.00 | 1.80 | $ 1,530.00 |
| James K.T. Hunter | Of Counsel 1988; Member of CA Bar since 1976 | $795.00 | 1.10 | $   874.50 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $765.00 | 81.60 | $62,424.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar 2001; Member of PA Bar 1985 | $725.00 | 127.30 | $92,292.50 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999 | $725.00 | 108.90 | $78,952.50 |
| Joshua M. Fried | Non-Working Travel @ ½ Rate | $362.50 | 9.10 | $ 3,298.75 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $725.00 | 76.80 | $55,680.00 |
| Jeffrey W. Dulberg | Partner 2004; Member of CA Bar since 1995 | $695.00 | 83.30 | $57,893.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Teddy M. Kapur | Partner 2014; Member of CA Bar since 2006 | $550.00 | 29.30 | $16,115.00 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $475.00 | 92.80 | $44,080.00 |
| Peter J. Keane | Associate 2010; Member of DE Bar since 2010; Member of PA Bar since 2008 | $475.00 | 2.60 | $ 1,235.00 |
| Karina K. Yee | Paralegal 2000 | $295.00 | 1.30 | $    383.50 |
| Leslie Ann Forrester | Law Library Director | $295.00 | .50 | $    147.50 |
| Margaret L. McGee | Paralegal 2007 | $295.00 | 71.40 | $21,063.00 |
| Monica Molitor | Paralegal 2009 | $295.00 | .50 | $    147.50 |
| Patricia Jeffries | Paralegal 1999 | $295.00 | 52.80 | $15,576.00 |
| Beatrice M. Koveleski | Law Clerk/Clerk 2009 | $215.00 | 2.70 | $    580.50 |
| Karen S. Neil | Law Clerk/Clerk 2003 | $215.00 | 5.20 | $ 1,118.00 |
| Sheryle L. Pitman | Law Clerk/Clerk 2001 | $215.00 | 2.30 | $    494.50 |

**Grand Total:** $603,014.25
**Total Hours:** 932.60
**Blended Rate:** $646.59

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 139.50 | $ 95,838.50 |
| Bankruptcy Litigation | 356.50 | $249,707.50 |
| Case Administration | 51.40 | $ 25,032.50 |
| Claims Administration/Objections | 27.30 | $ 17,704.50 |
| Compensation of Professionals/Others | 4.00 | $ 2,185.00 |
| Employee Benefits/Pension | 6.10 | $ 3,818.50 |
| Executory Contracts | 13.10 | $ 8,853.00 |
| Financial Filings | 140.30 | $ 83,544.50 |
| Financing | 40.20 | $ 25,683.00 |
| General Business Advice | 7.20 | $ 6,211.00 |
| General Creditors' Committee | 8.30 | $ 6,452.50 |
| Meeting of Creditors | 22.40 | $ 15,116.00 |
| Operations | 19.00 | $ 12,516.00 |
| Retention of Professional | 9.90 | $ 4,933.50 |
| Retention of Professionals/Others | 33.10 | $ 19,591.00 |
| Stay Litigation | 20.60 | $ 11,661.00 |
| Travel (non-working billed at ½ rate) | 33.70 | $ 14,166.25 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | United/Virgin America (coach) | $3,569.00 |
| Auto Travel Expense | Amtrak/Uber/Taxi | $ 233.02 |
| Delivery/Courier Service | Digital Legal | $2,345.93 |
| Fax Transmittal | | $1,090.00 |
| FedEx | | $5,050.08 |
| Filing Fee | US District Court | $ 25.00 |
| Hotel Expense | Hotel DuPont | $ 250.00 |
| Online Research | Bloomberg | $ 50.10 |
| Outside Services | Digital Legal | $ 300.00 |
| Pacer – Court Research | | $ 254.70 |
| Postage | | $2,331.45 |
| Reproduction Expense | | $8,755.70 |
| Reproduction/ Scan Copy | | $2,001.20 |
| Travel Expense | Amtrak | $ 291.00 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ULTURA (LA) INC., et al.,[1] | ) | Case No. 14-12382 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

Objection Deadline: January 9, 2015 at 4:00 p.m.
Hearing Date: Scheduled only if Necessary

**FIRST MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR
THE DEBTOR AND DEBTOR IN POSSESSION, FOR
THE PERIOD FROM OCTOBER 20, 2014 THROUGH NOVEMBER 30, 2014**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) and Local Rule 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals," signed on or about December 3, 2014 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the debtor and debtor in possession, hereby submits its First Monthly Application for Compensation and for Reimbursement of Expenses for the Period from October 20, 2014 through November 30, 2014 (the "Application").

By this Application, PSZ&J seeks a monthly interim allowance of compensation in the amount of $603,014.25 and actual and necessary expenses in the amount of $26,547.18 for a total allowance of $629,561.43 and payment of $482,411.40 (80% of the allowed fees) and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ultura (LA) Inc. (9624) and UOI Estate (6429). The mailing address for each of the Debtors is: 3605 Long Beach Blvd., Suite 201, Long Beach, CA 90807.

DOCS_DE:196979.1 87714/002

reimbursement of $26,547.18 (100% of the allowed expenses) for a total payment of $508,958.58 for the period October 20, 2014 through November 30, 2014 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1. On October 20, 2014 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On October 31, 2014, the United States Trustee for Region 3 appointed the Official Committee of Unsecured Creditors (the "Committee") to represent the interests of all unsecured creditors in this Case pursuant to section 1102 of the Bankruptcy Code.

4. On or about December 3, 2014, the Court signed the Administrative Order, authorizing certain professionals and members of any official committee ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred

percent (100%) of the requested expenses. Beginning with the period ending December 31, 2014, and at three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

5. The retention of PSZ&J, as counsel to the Debtors, was approved effective as of October 20, 2014 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date", signed on or about November 14, 2014 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

6. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors.

7. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in this case. PSZ&J has received payments from the Debtors prior to the petition date in the amount of $1,135,000.00 in connection with its prepetition representation of the Debtors. Upon final reconciliation of the amount actually expended prepetition, the balance remaining from the prepetition payments total $225,648.95, which amount will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

### Fee Statements

8.  The fee statements for the Interim Period are attached hereto as <u>Exhibit A</u>. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

9.   A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  PSZ&J summarizes each client's photocopying charges on a daily basis.

10.   PSZ&J charges $1.00 per page for out-going facsimile transmissions.  There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services.  PSZ&J does not charge the Debtors for the receipt of faxes in this case.

11.   With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

12.   PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

13.  The names of the timekeepers of PSZ&J who have rendered professional services in this case during the Interim Period are set forth in the attached Exhibit A. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy case, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy case.

### Summary of Services by Project

14.  The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.    Asset Disposition**

15. This category relates to the sale of Ultura (Oceanside) Inc.'s ("Oceanside") assets. During the Interim Period, the Firm, among other things, (i) reviewed lease agreements and drafted assignments of same; (ii) prepared a notice of bidding procedures; (iii) negotiated, drafted and revised the Asset Purchase Agreement ("APA") for the sale of substantially all of Oceanside's assets; (iv) reviewed and drafted schedules to the APA; (v) attended to discussions and negotiations with interested parties concerning various aspects of the sale; (vi) drafted a motion to approve the Oceanside sale; (vii) addressed issues raised by the Office of the United States Trustee (the "UST") regarding the sale; (viii) conferred with counsel and Committee regarding the sale process; and (ix) prepared a motion for the sale of de minimis assets of Ultura (LA) Inc. ("LA").

Fees: $95,838.50    Hours: 139.50

**B.    Bankruptcy Litigation**

16. The category relates to work regarding motions in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (i) addressed issues relating to first day motions; (ii) reviewed and summarized first day motions in preparation of hearing; (iii) prepared for and attended first day hearing; (iv) reviewed UST comments to first day orders and revised same accordingly; (v) responded to extensive discovery requests by the Committee; and (vi) engaged in extensive settlement negotiations with the Committee, Dr. Rohrer, True North, UAC and various other parties, which resulted in a global settlement agreement.

Fees: $249,707.50    Hours: 356.50

**C.    Case Administration**

17.     This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things: (i) reviewed correspondence and pleadings and forwarded them to appropriate parties; (ii) maintained a memorandum of critical dates; (iii) maintained document control; (iv) maintain service lists; (v) conferred and corresponded regarding case administration issues; and (vi) prepared for hearings.

Fees: $25,032.50     Hours: 51.40

### D.     Claims Administration and Objections

18.     This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (i) responded to creditor inquiries; (ii) drafted a bar date motion; and (iii) addressed various claim issues and inquiries from creditors.

Fees: $17,704.50     Hours: 27.30

### E.     Compensation of Professionals (Others)

19.     This category relates to work regarding compensation of estate professionals. During the Interim Period, the Firm, among other things, drafted an interim compensation procedures motion.

Fees: $2,185.00     Hours: 4.00

### F.     Employee Benefits/Pension

20.     This category relates to addressing employee compensation issues. During the Interim Period, the Firm, among other things: (i) conferred with the UST regarding Grant Lyon; and (ii) addressed issues with the UST regarding the key employee retention motion, which motion was approved.

Fees: $3,818.50     Hours: 6.10

### G.   Executory Contracts

21.   This category relates to the review of the Debtors' leases and contracts. During the Interim Fee Period, the Firm, among other things: (i) performed analyses regarding assumed contract counterparties to the APA; (ii) conferred with counsel regarding proposed assumption of various contracts; and (iii) performed analyses regarding rejection claims.

Fees: $8,853.00     Hours: 13.10

### H.   Financial Filings

22.   The category relates to issues regarding compliance with reporting requirements. In this case, given the expedited sale timeline, the Debtors did not request an extension of time to file their schedules of assets and liabilities and statements of financial affairs ("Schedules and Statements"). The Firm worked extensively with the Debtors to prepare the Schedules and Statements on an expedited basis, which Schedules and Statements were filed within 14 days of the Petition Date. In addition, as a key component of the sale was the assumption of ordinary trade liabilities for Oceanside accounts payable, the Firm evaluated closely with the Debtors accounts payable liabilities, evaluated potential rejection damages, and communicated the same with Committee counsel. The Firm also worked closely with the Debtors to prepare all information for the initial debtor interview, including spending time addressing several follow-up questions from the UST's office. The Firm spent time preparing other financial filings required by the Local Rules, including (i) the initial monthly operating

report; (ii) the periodic report regarding value, and (iii) separate top 20 unsecured creditors' lists per request of the UST's office.

        Fees: $83,544.50    Hours: 140.30

**I.    Financing**

23.    The category relates to issues regarding debtor in possession financing and use of cash collateral. During the Interim Period, the Firm, among other things: (i) reviewed and analyzed DIP order issues; (ii) analyzed intercompany reimbursement issues; (iii) reviewed and revised the cash management order; (iv) conferred with lender's counsel regarding revisions to interim DIP order; (v) reviewed the Debtors' proposed budgets; and (vi) conferred with lender and Committee counsel and prepared final form of DIP order.

        Fees: $25,683.00    Hours: 40.20

**J.    General Business Advice**

24.    This category relates to the general day-to-day working issues of the Debtors. During the Interim Period, the Firm, among other things, corresponded with Swiss counsel, directors, and the Restructuring Committee regarding implications of Rochem's financial condition and impact upon a sale process.

        Fees: $6,211.00    Hours: 7.20

**K.    General Creditors' Committee**

25.    This category relates to work regarding general Committee issues. During the Interim Period the Firm, among other things: (i) corresponded and conferred regarding general Committee inquiries; and (ii) addressed Committee composition issues.

Fees: $6,452.50     Hours: 8.30

L.   **Meeting of Creditors**

26.   The category relates to work regarding creditors' meetings. During the Interim Period, the Firm, among other things: (i) prepared for and attended an initial debtor interview and Committee formation meeting; (ii) prepared and coordinated service of the Notice of Section 341(a) Creditors' Meeting; (iii) prepared for and attended the Section 341(a) creditors' meeting; and (iv) corresponded and conferred regarding meeting of creditors issues.

Fees: $15,116.00     Hours: 22.40

M.   **Operations**

27.   This category relates to work regarding the Debtors' daily business operations. During the Interim Fee Period, the Firm, among other things: (i) attended to objections to the utility motion, and resolutions thereto; (ii) reviewed and revised the shippers and warehouseman's order; (iii) conferred with third party banks regarding the cash management order; (iv) attended to customer issues; (v) conferred with counsel regarding lease termination and occupancy; (vi) attended to vendor payable issues; and (vii) reviewed the Debtors' insurance policies and conferred regarding issues relating thereto.

Fees: $12,516.00     Hours: 19.00

N.   **Retention of Professionals**

28.   This category relates to work regarding the retention of the Firm as well as the Debtors' ordinary course professionals. During the Interim Period, the Firm, among other things: (i) responded to the UST's inquiries; (ii) finalized a motion to approve ordinary course

professionals; (iii) conferred with counsel and the UST regarding issues representing non-debtor parent entity; and (iv) prepared a supplemental declaration relating to the Firm's retention.

Fees: $4,933.50   Hours: 9.90

### O. Retention of Professionals/Other

29. This category relates to work regarding retention of estate professionals other than the Firm. During the Interim Period, the Firm, among other things: (i) performed work relating to the retention of Wedbush Securities as the Debtors' investment banker; and (ii) addressed issues from the UST relating to Wedbush's retention.

Fees: $19,591.00   Hours: 33.10

### P. Stay Litigation

30. This category relates to work performed regarding various motions for relief from stay filed in the case. During the Interim Period, the Firm, among other things: (i) reviewed and analyzed potential stay violations and drafted correspondence regarding same; (ii) reviewed Huntington National Bank's motion for relief from stay and drafted a proposed consensual order; (iii) reviewed Ford Motor Credit's motion for relief from stay and drafted a proposed consensual order; and (iv) conferred with counsel regarding a stipulation for relief from stay with the Debtors' landlord, RIF III - Impala, LLC.

Fees: $11,661.00   Hours: 20.60

### Q. Travel

31. During the Interim Period, the Firm incurred non-working time while traveling on case matters. Such time is billed at one-half the normal rate.

Fees: $14,166.25     Hours: 33.70

**Valuation of Services**

32. Attorneys and paraprofessionals of PSZ&J expended a total 932.60 hours in connection with their representation of the Debtor during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Debra I. Grassgreen | Partner 1997; Member of CA Bar since 1994; Member of FL Bar since 1992 | $895.00 | 57.40 | $51,373.00 |
| Debra I. Grassgreen | Non-Working Travel @ ½ Rate | $447.50 | 10.50 | $ 4,698.75 |
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $875.00 | 99.30 | $86,887.50 |
| Jeffrey N. Pomerantz | Non-Working Travel @ ½ Rate | $437.50 | 14.10 | $ 6,168.75 |
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $850.00 | 1.80 | $ 1,530.00 |
| James K.T. Hunter | Of Counsel 1988; Member of CA Bar since 1976 | $795.00 | 1.10 | $    874.50 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $765.00 | 81.60 | $62,424.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar 2001; Member of PA Bar 1985 | $725.00 | 127.30 | $92,292.50 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999 | $725.00 | 108.90 | $78,952.50 |
| Joshua M. Fried | Non-Working Travel @ ½ Rate | $362.50 | 9.10 | $ 3,298.75 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $725.00 | 76.80 | $55,680.00 |
| Jeffrey W. Dulberg | Partner 2004; Member of CA Bar since 1995 | $695.00 | 83.30 | $57,893.50 |
| Teddy M. Kapur | Partner 2014; Member of CA Bar since 2006 | $550.00 | 29.30 | $16,115.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $475.00 | 92.80 | $44,080.00 |
| Peter J. Keane | Associate 2010; Member of DE Bar since 2010; Member of PA Bar since 2008 | $475.00 | 2.60 | $ 1,235.00 |
| Karina K. Yee | Paralegal 2000 | $295.00 | 1.30 | $   383.50 |
| Leslie Ann Forrester | Law Library Director | $295.00 | .50 | $   147.50 |
| Margaret L. McGee | Paralegal 2007 | $295.00 | 71.40 | $21,063.00 |
| Monica Molitor | Paralegal 2009 | $295.00 | .50 | $   147.50 |
| Patricia Jeffries | Paralegal 1999 | $295.00 | 52.80 | $15,576.00 |
| Beatrice M. Koveleski | Law Clerk/Clerk 2009 | $215.00 | 2.70 | $   580.50 |
| Karen S. Neil | Law Clerk/Clerk 2003 | $215.00 | 5.20 | $ 1,118.00 |
| Sheryle L. Pitman | Law Clerk/Clerk 2001 | $215.00 | 2.30 | $   494.50 |

**Grand Total:** $603,014.25
**Total Hours:** 932.60
**Blended Rate:** $646.59

33.   The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $603,014.25.

34.   In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period October 20, 2014 through November 30, 2014, an interim allowance be made to PSZ&J for compensation in the amount of $603,014.25 and actual and necessary expenses in the amount of $26,547.18 for a total allowance of $629,561.45 and payment of $482,411.40 (80% of the allowed fees) and reimbursement of $26,547.18 (100% of the allowed expenses) be authorized for a total payment of $508,958.58, and for such other and further relief as this Court may deem just and proper.

Dated: December 19, 2014

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra I. Grassgreen (CA Bar No. 169978)
James E. O'Neill (Bar No. 4042)
Jeffrey W. Dulberg (CA Bar No. 181200)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:    jpomerantz@pszjlaw.com
           dgrassgreen@pszjlaw.com
           joneill@pszjlaw.com
           jdulberg@pszjlaw.com
Counsel to Debtors and Debtors in Possession

## VERIFICATION

STATE OF DELAWARE      :
                       :
COUNTY OF NEW CASTLE   :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a)  I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)  I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Debtors.

c)  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about December 3, 2014 and submit that the Application substantially complies with such Rule and Order.

_____
Laura Davis Jones

SWORN AND SUBSCRIBED
before me this 19th day of December, 2014.

_____
Notary Public
My Commission Expires:

MONICA ANGELA MOLITOR
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires June 17, 2016

DOCS_DE:196979.1 87714/002