IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ULTURA (LA) INC., et al.,[1] | ) Case No. 14-12382 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |

Objection Deadline: October 26, 2015 at 4:00 p.m.
Hearing Date: Scheduled only if Necessary

**TENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR
THE DEBTORS AND DEBTORS IN POSSESSION, FOR
THE PERIOD FROM AUGUST 1, 2015 THROUGH AUGUST 31, 2015**

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective *nunc pro tunc* to October 20, 2014 by order signed on or about November 14, 2014 |
| Period for which Compensation and Reimbursement is Sought: | August 1, 2015 – August 31, 2015[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $8,696.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $385.15 |

This is a:    _x_ monthly    ___ interim    ___ final application.

The total time expended for fee application preparation is approximately 2.0 hours and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ultura (LA) Inc. (9624) and Ultura (Oceanside) Inc. (6429). The mailing address for each of the Debtors is: 3605 Long Beach Blvd., Suite 201, Long Beach, CA 90807.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 12/19/14 | 10/20/14 - 11/30/14 | $603,014.25 | $26,547.18 | $603,014.25 | $26,547.18 |
| 01/15/15 | 12/01/14 - 12/31/14 | $127,620.50 | $8,480.52 | $127,620.50 | $8,480.52 |
| 02/20/15 | 01/01/15 - 01/30/15 | $35,803.00 | $7,284.19 | $35,803.00 | $7,284.19 |
| 03/18/15 | 02/01/15 – 02/28/15 | $17,003.00 | $837.54 | $17,003.00 | $837.54 |
| 05/13/15 | 03/01/15 - 03/31/15 | $35,802.00 | $2,388.34 | $35,802.00 | $2,388.34 |
| 05/27/15 | 04/01/15 - 04/30/15 | $14,530.00 | $939.92 | $14,530.00 | $939.92 |
| 06/23/15 | 05/01/15 - 05/31/15 | $21,001.50 | $1,127.72 | $21,001.50 | $1,127.72 |
| 07/27/15 | 06/01/15 - 06/30/15 | $11,723.00 | $635.64 | $11,723.00 | $635.64 |
| 08/31/15 | 07/01/15 - 07/31/15 | $11,364.50 | $508.72 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | .20 | $179.00 |
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $875.00 | 2.00 | $1,750.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar 2001; Member of PA Bar 1985 | $750.00 | 1.90 | $1,425.00 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $525.00 | 5.90 | $3,097.50 |
| Margaret L. McGee | Paralegal 2007 | $305.00 | 5.00 | $1,525.00 |
| Patricia Jeffries | Paralegal 1999 | $305.00 | 1.40 | $427.00 |
| Beatrice M. Koveleski | Case Management Assistant | $225.00 | 1.00 | $225.00 |
| Karen S. Neil | Case Management Assistant | $225.00 | .30 | $67.50 |

Grand Total: $8,696.00
Total Hours: 17.70
Blended Rate: $491.30

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Bankruptcy Litigation | 2.80 | $2,170.00 |
| Case Administration | 4.60 | $1,387.00 |
| Claims Administration/Objections | 6.00 | $3,479.50 |
| Compensation of Professionals | 2.10 | $788.50 |
| Compensation of Professionals (Others) | .10 | $52.50 |
| Financial Filings | 1.00 | $394.00 |
| Hearing | 1.10 | $424.50 |
| **Totals** | **17.70** | **$8,696.00** |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Delivery/Courier Service | Digital Legal | $ 87.35 |
| Fax Transmittal | | $187.00 |
| Reproduction Expense | | $ 93.40 |
| Reproduction/ Scan Copy | | $ 17.40 |
| **Totals** | | **$ 385.15** |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ULTURA (LA) INC., et al.,[1] | ) | Case No. 14-12382 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

Objection Deadline: October 26, 2015 at 4:00 p.m.
Hearing Date: Scheduled only if Necessary

**TENTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR
THE DEBTORS AND DEBTORS IN POSSESSION, FOR
THE PERIOD FROM AUGUST 1, 2015 THROUGH AUGUST 31, 2015**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) and Local Rule 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, signed on or about December 3, 2014 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the debtor and debtor in possession, hereby submits its *Tenth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from August 1, 2015 through August 31, 2015* (the "Application").

By this Application, PSZ&J seeks a monthly interim allowance of compensation in the amount of $8,696.00 and actual and necessary expenses in the amount of $385.15 for a total allowance of $9,081.15 and payment of $6,956.80 (80% of the allowed fees) and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ultura (LA) Inc. (9624) and Ultura (Oceanside) Inc. (6429). The mailing address for each of the Debtors is: 3605 Long Beach Blvd., Suite 201, Long Beach, CA 90807.

reimbursement of $385.15 (100% of the allowed expenses) for a total payment of $7,341.95 for the period August 1, 2015 through August 31, 2015 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1. On October 20, 2014 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On October 31, 2014, the United States Trustee for Region 3 appointed the Official Committee of Unsecured Creditors (the "Committee") to represent the interests of all unsecured creditors in this Case pursuant to section 1102 of the Bankruptcy Code.

4. On or about December 3, 2014, the Court signed the Administrative Order, authorizing certain professionals and members of any official committee ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one

hundred percent (100%) of the requested expenses. Beginning with the period ending December 31, 2014, and at three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

5. The retention of PSZ&J, as counsel to the Debtors, was approved effective as of October 20, 2014 by this Court's *Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date*, signed on or about November 14, 2014 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

6. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case.

### Fee Statements

7.  The fee statements for the Interim Period are attached hereto as <u>Exhibit A</u>. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working travel time to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

### Actual and Necessary Expenses

8.  A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of <u>Exhibit A</u>. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.  PSZ&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in this case.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

12. The names of the timekeepers of PSZ&J who have rendered professional services in this case during the Interim Period are set forth in the attached <u>Exhibit A</u>. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy case, and performed all

necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy case.

### Summary of Services by Project

13. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

A.   **Bankruptcy Litigation**

14. Time billed to this category relates to the review of a confidentiality order regarding the Denari Broadway litigation.

      Fees: $2,170.00        Hours: 2.80

B.   **Case Administration**

15. This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things: (i) reviewed correspondence and pleadings and forwarded them to appropriate parties; (ii) maintained a memorandum of critical

dates; (iii) maintained document control; (iv) maintain service lists; and (v) conferred and corresponded regarding case administration issues.

        Fees: $1,387.00        Hours: 4.60

C.    **Claims Administration and Objections**

    16.    This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (i) responded to creditor inquiries; (ii) reviewed and analyzed the claims filed in these cases; (iii) conferred with counsel regarding claim objections; and (iv) reviewed and revised document requests relating to claim objections.

        Fees: $3,479.50        Hours: 6.00

D.    **Compensation of Professionals**

    17.    This category relates to the preparation of the Firm's ninth monthly fee statement.

        Fees: 788.50        Hours: 2.10

E.    **Compensation of Professionals (Others)**

    18.    The Firm billed minimal time to this category reviewing Rust/Omni's July invoice.

        Fees: $52.50        Hours: .10

F.    **Financial Filings**

    19.    Time billed to this category relates to the service and filings of the Debtors' monthly operating reports.

        Fees: $394.00        Hours: 1.00

G.  **Hearing**

20. Time billed to this category relates to, among other things, the preparation of an agenda for the August 9th hearing, and preparation of claims binder for submission prior to August 9th hearing.

Fees: $414.50          Hours: 1.10

**Valuation of Services**

21. Attorneys and paraprofessionals of PSZ&J expended a total of 17.70 hours in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey N. Pomerantz | Partner 1995; Member of CA Bar since 1989 | $895.00 | .20 | $179.00 |
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $875.00 | 2.00 | $1,750.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar 2001; Member of PA Bar 1985 | $750.00 | 1.90 | $1,425.00 |
| Jason H. Rosell | Associate 2010; Member of CA Bar since 2010; Member of NY Bar since 2011 | $525.00 | 5.90 | $3,097.50 |
| Margaret L. McGee | Paralegal 2007 | $305.00 | 5.00 | $1,525.00 |
| Patricia Jeffries | Paralegal 1999 | $305.00 | 1.40 | $427.00 |
| Beatrice M. Koveleski | Case Management Assistant | $225.00 | 1.00 | $225.00 |
| Karen S. Neil | Case Management Assistant | $225.00 | .30 | $67.50 |

Grand Total:   $8,696.00
Total Hours:   17.70
Blended Rate:  $491.30

22. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this nature. The

reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $8,696.00.

23. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period August 1, 2015 through August 31, 2015, an interim allowance be made to PSZ&J for compensation in the amount of $8,696.00 and actual and necessary expenses in the amount of $385.15 for a total allowance of $9,081.15 and payment of $6,956.80 (80% of the allowed fees) and reimbursement of $385.15 (100% of the allowed expenses) for a total payment of $7,341.95, and for such other and further relief as this Court may deem just and proper.

Dated: October 5, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra I. Grassgreen (CA Bar No. 169978)
James E. O'Neill (Bar No. 4042)
Jeffrey W. Dulberg (CA Bar No. 181200)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: jpomerantz@pszjlaw.com
dgrassgreen@pszjlaw.com
joneill@pszjlaw.com
jdulberg@pszjlaw.com

Counsel to Debtors and Debtors in Possession

## **VERIFICATION**

STATE OF DELAWARE         :
                                             :
COUNTY OF NEW CASTLE :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Debtors.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about December 3, 2014 and submit that the Application substantially complies with such Rule and Order.

_____
James E. O'Neill

SWORN AND SUBSCRIBED
before me this 5 day of October, 2015.

_____
Notary Public
My Commission Expires:

K.A JOHN BOWER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires October 14, 2016
DOCS_DE:202248.1 87714/002